# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| SAXTON PEELE, | : | |
| Petitioner, | : | |
| v. | : | No. 3:10-CR-4 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 50] to deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 35]. Therein, the Magistrate Judge concludes that Petitioner has failed to demonstrate that (1) the Court erred in applying a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4), and (2) his counsel's failure to object to the four-level sentencing enhancement and failure to file an appeal on this basis was ineffective. Petitioner has filed an Objection to the Recommendation [Doc. 51]. Accordingly, the Court has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects and finds his Objection to be without merit. Thus, the Magistrate Judge's Recommendation [Doc. 50] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Section 2255 Motion

[Doc. 35] is hereby **DENIED**.  The Court addresses each of Petitioner's objections below.

First, Petitioner objects to the Magistrate Judge's finding that Petitioner's testimony is not credible.  During the evidentiary hearing, Petitioner testified that he did not discuss sentencing enhancements regarding an obliterated serial number on his firearm with his attorney prior to sentencing.  Shortly thereafter, Petitioner testified to the following:

> Q: Had you had discussions with [your attorney] about an obliterated serial number and how that could affect your sentence prior to going into the sentencing hearing?
> A: Yes, I did.
> Q: And what discussions were those?
> A: Those discussions actually took place at Ocilla on the phone numerous times.  I was under the impression from her conversation that she would get the details worked out, that's what she was referring to.[1]

Based on this contradictory testimony, the Magistrate Judge concluded that Petitioner's testimony was not credible.  In his Objection, Petitioner rejects the Magistrate Judge's credibility determination and attempts to differentiate between his two statements, arguing that the latter question and resulting testimony did not refer to "enhancements" and therefore that his testimony was not contradictory.  The Court disagrees.

When reading Petitioner's entire testimony in context, the Court concludes that the questions asked and Petitioner's responding testimony are in reference to his

---

[1] [Doc. 47 at 31].

discussions with this attorney pertaining to sentencing enhancement. Accordingly, the Court agrees with the Magistrate Judge's finding that Petitioner's testimony is contradictory, and therefore, that Petitioner's statements regarding discussions with this attorney about the enhancements are not credible.

In the remainder of his Objection, Petitioner simply restates the arguments he advanced in his original petition which have been adequately and fully addressed by the Magistrate Judge in the Recommendation. As thoroughly explained by the Magistrate Judge, Petitioner's claim that the Court erroneously applied the sentencing enhancement is procedurally defaulted because he did not file an appeal nor establish that his attorney was ineffective. Moreover, regarding Petitioner's ineffective assistance of counsel claims, the record supports the Magistrate Judge's determination that counsel's failure to object to the four-level sentencing enhancement was not ineffective and that his attorney did not have a constitutional obligation to consult with Petitioner about filing an appeal.

Additionally, the Court agrees with the Magistrate Judge that the appeal waiver in the plea agreement is enforceable. During his plea colloquy, the Court ensured that Petitioner understood that he was waiving his right to appeal except for very limited circumstances, and thus, Petitioner knowingly and voluntarily waived his right to appeal, except in those limited circumstances. With respect to Petitioner's argument that his guilty plea was not knowing and voluntary, the Court agrees with the

Magistrate Judge that counsel's alleged failure to inform Petitioner of the potential enhancement does not undermine the knowing and voluntary nature of Petitioner's guilty plea. Finally, despite Petitioner's contention otherwise, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right.

Based on the foregoing, the Court agrees with the Magistrate Judge's reasoning and conclusions as set forth in the Report and Recommendation. Accordingly, the Report and Recommendation [Doc. 50] is **ADOPTED** and **MADE THE ORDER OF THIS COURT**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 35] is **DENIED**. Additionally, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 29th day of May, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH